In this case, in order to decide whether the plaintiff has a right to recover, it must be inquired into, whether the vessel and cargo were prize or not; and it stands admitted in every case where the question of prize or no prize must be decided, that the courts of common law have no jurisdiction, but that it appertains exclusively to the courts of admiralty. There are cases where the courts of common law have taken cognizance of torts committed on the high sea by one British subject on the property of another; but do not find that in any instance they have sustained a suit by a subject against a foreigner acting under a commission from his sovereign.
MACAY, J. This case states that the brig and cargo were taken on the high seas under the pretense of a prize, by the privateer Bellona, commissioned by the Republic of France, the brig and (354) cargo carried into the Spanish port of St. Jago, in the Island of Cuba, and there sold without any regular condemnation. That the defendant was owner of the privateer, that the brig had no register on board. The plaintiff, being an American citizen, claims said brig and cargo as neutral property, as not liable to capture. A verdict has been obtained in this case in the Superior Court of Law for the District of New Bern, subject to the opinion of the Court on this question: Whether the Court has jurisdiction of this case. To determine this question, it will be necessary to inquire whether this brig and cargo were taken on the high seas as a prize; and if so taken, whether she was or was not a prize.
The case states that she was taken by a privateer commissioned by the Republic of France, "under the pretense of a prize"; that she had no register on board. The expression, according to my understanding, is the same as if the case had stated she was taken as a prize; the caption was for the purpose of making a prize of her and cargo; then the other question arises, was she a prize or not? To determine this, the court of admiralty has the sole, undisturbed, and exclusive jurisdiction, which they are bound to determine agreeably to the law of nations. 3 Black., 108; 69 Doug., 504;Le Caux v. Eden, 2 Dall., 160; 4 Term Rep., 382; 1 Mol., 57; 3 Durn. 
East., 341, 343, 344. In opposition to these authorities I find but one, Comb., 120, Beake v. Ferrell, in which it appears that on the question prize or not, the courts of common law and admiralty have a concurrent jurisdiction. In 1 Show., 6, this case is also reported and explained: She was seized by the East India Company, and there condemned by their admiralty. The question, prize or no prize, to be determined by the law of nations, made no part of this question. All the other authorities that I have been able to examine do *Page 298 
expressly state that the courts of admiralty have the sole and exclusive jurisdiction of determining prize or no prize. It is true that trespasses may be committed on the high seas by one ship taking goods (355) from another tortiously, and by various other means of which the courts of common law have jurisdiction. Where the admiralty court has not original jurisdiction of the cause, the jurisdiction of the courts of common law is not entirely taken away. 3 Blanc., 108; Comb., 462. But in no case have they interfered where the question, as in the present case, is prize or no prize. I am of opinion that the Superior Court of Law had not jurisdiction.
Judgment for defendant.
NOTE. — See acc. Hallett v. Lamothe, 7 N.C. 279.